United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GREGORY LEE GRAY,

Petitioner,

vs.

THE PEOPLE OF THE STATE OF CALIFORNIA,

Respondent.
_______________________________/

No. C 12-4772 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE**

This is a habeas case brought pro se by a state prisoner. Petitioner has had a previous case attacking the same judgment, *Gray v. Runnels*, C 01-2880 PJH (PR). That case was dismissed as barred by the statute of limitations and the dismissal was affirmed on appeal.

A subsequent habeas petition directed to the same conviction, *Gray v. Felker*, 09-2461 PJH (PR), was dismissed by this court as second or successive. Petitioner did not appeal that dismissal.

Petitioner then filed yet another petition attacking the same judgment, *Gray v. McDonald*, 10-0845 PJH (PR). As petitioner still had not obtained an order from the Ninth Circuit allowing him to file a second or successive petition, it also was dismissed. This court denied petitioner's motions for a certificate of appealability and for leave to proceed in forma pauperis on appeal, and in October of 2010 the court of appeals issued an order declining to grant a certificate of appealability, terminating the appeal. The United States Supreme Court subsequently denied his petition for certiorari.

Petitioner then filed another habeas petition, *Gray v. McDonald*, 10-5748 PJH (PR). It was dismissed as second or successive in January of 2011. This court and the court of

appeals denied his requests for a certificate of appealability.

A habeas petitioner may not file a second or successive petition unless he or she first obtains from the appropriate United States Court of Appeals an order authorizing the filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained such an order from the Ninth Circuit.

Petitioner contends that he does not need an order from the circuit to allow him to file here because his claim purportedly rests on United States Supreme Court cases that have been made retroactive on collateral review. *See* 28 U.S.C. § 2244(b)(2)(a). He is mistaken, however, that the argument he makes would, if accepted, exempt him from the requirement that he obtain a court of appeals order. The provision requiring an order from the court of appeals is separate from the sections that say when a second or successive claim that was not previously presented is permissible. *See* 28 U.S.C. § 2244(b)(3). That is, the court of appeals issues an order allowing a second or successive petition to be filed if it determines that the petitioner has made a prima facie showing that either subsection (A) or (B) of section 2244(b)(2) has been satisfied – in this case, that the claim relies on a new rule of constitutional law made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(3)(C). That there are exceptions to the ban on second or successive petitions for certain new claims does not obviate the necessity of obtaining an order from the court of appeals, which applies in all instances.

Leave to proceed in forma pauperis (docket # 3) is **GRANTED**. The petition is **DISMISSED** without prejudice to filing a new petition if petitioner obtains the necessary order. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 26, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Gray4772.dsm-2d.wpd